IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES P. BARNES, JR. | ) | CASE NO. 1:10CV0549 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| KATHLEEN A. SUTULA, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Charles P. Barnes, Jr. brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Cuyahoga County, Ohio Common Pleas Court Judge Kathleen A. Sutula, Cuyahoga County Prosecutor William Mason and Attorneys James E. Valentine and Donald Butler. All the Defendants have filed Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF 4,5,6).

Defendants inform the Court that Plaintiff is currently under indictment in the Common Pleas Court of Cuyahoga County in case numbers CR525609 and CR523931 charged with various violations of Ohio's sex offender registration requirements under Chapter 2950 of the Ohio Revised Code. He alleges that he has been deprived of his constitutional rights by not being present during pretrial proceedings, his attorneys failed to keep him informed as to key developments, acted unprofessional and did not obtain his consent when taking action on his legal problem. Prosecutor Mason allegedly committed misconduct by indicting him every ninety days for the same conduct. Plaintiff demands that his criminal case be dismissed, monetary damages be awarded and that all Defendants be barred for life from practicing law.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claim asserted in this action satisfies these criteria.

Plaintiff wants this Court to dismiss all charges against him that are pending in the Cuyahoga County Common Pleas Court. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any

defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Judge Sutula is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Sutula acted outside the scope of her official duties. Judge Sutula definitely acted within the scope of her official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor William Mason was acting outside of the scope of his responsibilities.

Accordingly, Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) are granted.
(ECF 4,5,6).

IT IS SO ORDERED.

Date: May 7, 2010         s/Christopher A. Boyko
                          JUDGE CHRISTOPHER A. BOYKO
                          UNITED STATES DISTRICT JUDGE